# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# NEWPORT NEWS DIVISION

| | |
|---|---|
| **CARDINAL HEALTH 110, LLC** | : |
| 7000 Cardinal Place | : |
| Dublin, Ohio 43017, | : |
| | : |
| | : **Case No. 4:21cv78** |
| Plaintiff, | : |
| | : **Judge:** |
| v. | : |
| | : |
| **BANVERA L.L.C.** | : |
| 804 Marlbank Drive | : |
| Yorktown, Virginia 23692 | : |
| Attention: Banyo Ndanga, Registered | : |
| Agent, | : |
| | : |
| and | : |
| | : |
| **VERA SANGBONG** | : |
| **aka Vera Sanbong** | : |
| 6309 Holland Meadow Ln. | : |
| Laytonsville, Maryland 20882, | : |
| | : |
| and | : |
| | : |
| **BANYO NDANGA** | : |
| 804 Marlbank Drive | : |
| Yorktown, Virginia 23692, | : |
| | : |
| Defendants. | : |

## COMPLAINT

Plaintiff, Cardinal Health 110, LLC ("Plaintiff" or "Cardinal Health"), files this Complaint against Defendants Banvera L.L.C. ("Banvera"), Vera Sangbong aka Vera Sanbong ("Sangbong"), and Banyo Ndanga ("Ndanga", and together with Banvera and Sangbong, collectively, the "Defendants") and alleges and states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a Delaware limited liability company registered to do business in Virginia with its principal place of business located in Dublin, Ohio. Plaintiff is a subsidiary of Cardinal Health, Inc., and, among other things, specializes in the distribution of pharmaceutical products. Plaintiff's sole member is Cardinal Health, Inc., an Ohio corporation with its principal place of business located in Dublin, Ohio.

2. Banvera is a Virginia limited liability company with its principal place of business in Yorktown, Virginia. Upon information and belief, Banvera's only members are Sangbong and Ndanga.

3. Sangbong is an individual residing in Laytonsville, Maryland, and is a citizen of Maryland. Sangbong is the Vice President of Banvera. Sangbong also guaranteed Banvera's debt obligations to Cardinal Health, which arise in Virginia, and thereby, Sangbong transacted the business in Virginia that gives rise to this cause of action against Sangbong. Ndanga is an individual residing in Yorktown, Virginia, and is a citizen of Virginia. Ndanga is the President of Banvera, and like Sangbong Ndanga guaranteed Banvera's obligations to Cardinal Health.

4. This Court possesses original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the state citizenship of the Plaintiff is diverse from the state citizenship of each of the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest, attorneys' fees and costs.

5. This Court has personal jurisdiction over Banvera because it is a Virginia company and has its principal place of business in Virginia; over Sangbong because Sangbong purposely availed herself of the privilege of conducting the business activities within Virginia that give rise to this cause of action by contractually guaranteeing Banvera's debts which she

knew, as a member of the company, had and would arise in Virginia; over Ndanga because Ndanga resides and is domiciled in Virginia.

6.      6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and/or 1391(b)(3), because: (a) a substantial part of the events or omissions giving rise to the claims in this action occurred in the district; and (b) there is no other district in which the action may be brought, and at least one of the Defendants is subject to the personal jurisdiction of this Court.

## FACTS COMMON TO ALL CLAIMS

7.      On or about February 5, 2007, Banvera executed and delivered a credit application (the "2007 Credit Application") to Cardinal Health.  A true, correct and complete copy of the 2007 Credit Application (except for the redaction of social security numbers, tax ID numbers and other private financial information) is attached hereto, and incorporated herein, as **Exhibit A.**

8.      On or about September 10, 2012, Banvera executed and delivered a credit application (the "2012 Credit Application," and together with the 2007 Credit Application, collectively, the "Credit Applications") to Cardinal Health.  A true, correct and complete copy of the 2012 Credit Application (except for the redaction of social security numbers, tax ID numbers and other private financial information) is attached hereto, and incorporated herein, as **Exhibit B.**

9.      The Credit Applications set forth Cardinal Health's agreement to accept orders from Banvera on credit in exchange for Banvera's agreement to pay Cardinal Health for such orders in full in accordance with the applicable payment terms.

10.     As part of the Credit Applications and as a condition to Cardinal Health's agreement to accept orders from Banvera on credit, Banvera granted Cardinal Health a security interest in all of Banvera's business assets, including but not limited to, all goods, equipment,

inventory, accounts, accounts receivable, chattel paper, instruments, investment property and all general intangibles, books and records, computer programs and records, and other personal property, tangible or intangible (the "Collateral"). (*See* 2007 Credit Application (Exhibit A) at Section V; 2012 Credit Application(Exhibit B) at Section IV (collectively, the "Security Agreement")).

11. Cardinal Health properly perfected its security interest in the Collateral by filing the following UCC Financing Statements with the Virginia State Corporation Commission: (i) Filing Number 07062571071 on June 25, 2007, as amended by Filing Number 09091172199 on September 11, 2009 and continued by Filing Nos. 12030238763 on March 3, 2012 and 17032956402 on March 29, 2017; and (ii) Filing Number 19010855797 on or about January 8, 2019. True, correct and complete copies of the UCC Financing Statements (together with all subsequent amendments and continuations) are attached hereto as **Exhibit C**.

12. In connection with the 2007 Credit Application and as a condition to Cardinal Health's agreement to accept orders from Banvera on credit, Sangbong executed and delivered a personal guaranty to Cardinal Health on February 5, 2007, guarantying the punctual and full payment of all of Banvera's indebtedness and obligations of every kind to Cardinal Health whether then existing or hereafter arising. (See 2007 Credit Application, Section VI (the "Sangbong Guaranty")).

13. Sangbong never notified Cardinal Health that she was canceling the Sangbong Guaranty,, and would no longer be responsible to Cardinal Health, under that guaranty for credit thereafter extended to Banvera.

14. In connection with the 2007 Credit Application and as a condition to Cardinal Health's agreement to accept orders from Banvera on credit, Ndanga executed and delivered a

personal guaranty to Cardinal Health on February 5, 2007, guarantying the punctual and full payment of all of Banvera's indebtedness and obligations of every kind to Cardinal Health whether then existing or hereafter arising.  (See 2007 Credit Application, Section VI (the "2007 Ndanga Guaranty")).

15. Similarly, Ndanga executed and delivered a personal guaranty to Cardinal Health in connection with the 2012 Credit Application on September 10, 2012, guarantying the punctual and full payment of all of Banvera's indebtedness and obligations of every kind to Cardinal Health whether then existing or hereafter arising.  (See 2012 Credit Application, Section V (the "2012 Ndanga Guaranty")).

16. Based upon Banvera's credit history, among other things, Cardinal Health agreed to certain payment terms for Banvera.

17. Pursuant to the terms of the Credit Applications, Banvera ordered and received from Cardinal Health, and Cardinal Health delivered to Banvera, certain pharmaceutical products (the "Products") from Cardinal Health on an open account (the "Trade Account").

18. Banvera did not reject or return the Products to Cardinal Health.

19. Banvera failed to pay Cardinal Health for the Products in full and in accordance with the applicable payment terms.

20. Subsequently, Cardinal Health made a demand to the Defendants for the debt owed on the Trade Account.

21. Defendants failed or refused to pay the debt owed on the Trade Account to Cardinal Health.

22. The terms of the Credit Applications permit Cardinal Health to assess a service charge calculated at the rate of one and one-half percent (1.5%) per month (or the maximum rate

allowed by law, if such rate is less than 1.5% per month) on any amount not paid by Banvera to Cardinal Health when due. (See 2007 Credit Application, Section III, paragraph 4; 2012 Credit Application, Section III, paragraph 5.)  The Credit Applications also require Banvera to pay all out-of-pocket expenses, including attorneys' fees and costs, incurred by Cardinal Health to collect any amounts due under, or to otherwise enforce any of the terms of, the Credit Applications.

23. As of April 30, 2020, Banvera was indebted to Cardinal Health in the amount of $118,551.25, exclusive of applicable finance charges, on the Trade Account.  Attached hereto as **Exhibit D** is a summary setting forth each invoice provided to Banvera by Cardinal Health in connection with the Trade Account.

### FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

24. Cardinal Health hereby adopts the preceding paragraphs and incorporates them by reference as if fully restated herein.

25. Cardinal Health performed in accordance with the terms of the Credit Applications by supplying the Products to Banvera on credit.

26. Banvera failed to comply with the terms of the Credit Applications by, in part, failing or refusing to fully and timely pay Cardinal Health for the Products.

27. Banvera's non-performance constitutes a breach of the terms of the Credit Applications.

28. Cardinal Health has suffered damages as a result of Banvera's breach.  In particular, Cardinal Health has been damaged by providing Banvera with an extension of credit for the purchase of the Products for which Banvera did not fully and timely pay Cardinal Health.

29. Pursuant to the terms of the Credit Applications, the sum of $118,551.25, together

with service charges accruing at the rate of one and one-half percent 1.5% per month (or the highest rate allowed by law if such rate is less than 1.5% per month) through the date of collection, and all collection costs and attorney's fees, is due and owing to Cardinal Health by Banvera.

## SECOND CLAIM FOR RELIEF—GOODS SOLD AND DELIVERED
### (ALTERNATIVE TO FIRST CLAIM FOR RELIEF)

30. Cardinal Health re-alleges and incorporates paragraphs 1 through 23 as if fully set forth herein.

31. From time to time, Banvera ordered pharmaceutical products, including the Products, from Cardinal Health.

32. Cardinal Health delivered the Products to Banvera and Banvera accepted, used, and received all the benefits of the Products at Cardinal Health's expense.

33. Banvera has not fully paid Cardinal Health for the Products.

34. Banvera owes Cardinal Health the amount due for the Products.

35. The sum of $118,551.25, plus service charges accruing at the rate of 1.5% per month (or the highest rate allowed by law if such rate is less than 1.5% per month) through the date of collection, and all attorneys' fees and court costs, is due and owing to Cardinal Health by Banvera on the Trade Account.

## THIRD CLAIM FOR RELIEF—POSSESSION OF COLLATERAL

36. Cardinal Health re-alleges and incorporates paragraphs 1 through 23 as if fully set forth herein.

37. Under the security interest granted to Cardinal Health by Banvera in both Credit Applications, Cardinal Health is entitled to possession of the Collateral upon default by Banvera.

38. Banvera is in default of its obligations to Cardinal Health as herein alleged.

39. Cardinal Health is entitled to an order and judgment authorizing it to take immediate possession of the Collateral.

### FOURTH CLAIM FOR RELIEF—CLAIM ON ACCOUNT
### (ALTERNATIVE TO FIRST AND SECOND CLAIMS FOR RELIEF)

40. Cardinal Health re-alleges and incorporates paragraphs 1 through 23 as if fully set forth herein.

41. The prices charged by Cardinal Health for the Products were in accordance with the terms of the Credit Applications, or the usual and customary prices charged for the Products pursuant to industry standards.

42. Cardinal Health kept a systematic record of the transactions and all just, lawful offsets have been applied to the Trade Account.

43. The Trade Account remains unpaid in the total amount of $118,551.25, plus service charges accruing at the rate of 1.5% per month (or the highest rate allowed by law if lower) through the date of collection, and all attorneys' fees and court costs, for the Products.

### FIFTH CLAIM FOR RELIEF—QUANTUM MERUIT
### (ALTERNATIVE TO THE FIRST, SECOND, AND FOURTH CLAIMS FOR RELIEF)

44. Cardinal Health re-alleges and incorporates paragraphs 1 through 23 as if fully set forth herein.

45. Cardinal Health provided pharmaceutical products, including the Products, for Banvera's benefit

46. Based on the Credit Applications and Banvera's request that Cardinal Health provide the Products, Cardinal Health reasonably expected to be paid by Banvera for the value of the Products.

47. Banvera used, accepted, and benefitted from the pharmaceutical products,

including the Products, provided by Cardinal Health, but did not pay Cardinal Health for the Products as promised.

48. Banvera received a valuable benefit from Cardinal Health in the form of the Products.

49. Banvera was aware that Cardinal Health was providing the Products with the expectation of being paid therefor, and Banvera accepted the Products.

50. Cardinal Health has been damaged by Banvera s retention of the Products without full payment, in violation of the fundamental principles of justice, equity and good conscience.

51. It would be unjust for Banvera to retain the benefits conferred upon it by Cardinal Health.

52. Cardinal Health is entitled to recover from Banvera the reasonable value of the Products.

53. The total reasonable value of the Products wrongfully retained by Banvera is not less than $118,551.25, which reflects the amounts charged by Cardinal Health for the Products, that Banvera retained without making payment.

**SIXTH CLAIM FOR RELIEF—BREACH OF GUARANTY (VERA SANGBONG)**

54. Cardinal Health re-alleges and incorporates paragraphs 1 through 53 as if fully set forth herein.

55. In order to induce Cardinal Health to provide pharmaceutical products, including the Products, to Banvera on credit, Sangbong executed and delivered the Sangbong Guaranty to Cardinal Health.

56. By executing the Sangbong Guaranty, Sangbong unconditionally guaranteed the payment and performance of Banvera's obligations to Cardinal Health.

57. Cardinal Health was induced to supply and did supply pharmaceutical products, including the Products, to Banvera on credit after obtaining the Sangbong Guaranty.

58. Sangbong breached the Sangbong Guaranty by failing to pay to Cardinal Health the monies owed by Banvera to Cardinal Health after Banvera failed to pay such debts.

59. As a result of Sangbong's breach of the Sangbong Guaranty, Cardinal Health has suffered damages in the total amount of $118,551.25, plus service charges accruing at the rate of 1.5% per month (or the highest rate allowed by law if lower) through the date of collection, and all attorneys' fees and court costs.

**SEVENTH CLAIM FOR RELIEF—BREACH OF GUARANTY (BANYO NDANGA)**

60. Cardinal Health re-alleges and incorporates paragraphs 1 through 53 as if fully set forth herein.

61. In order to induce Cardinal Health to provide pharmaceutical products, including the Products, to Banvera on credit, Ndanga executed and delivered the 2007 Ndanga Guaranty and 2012 Ndanga Guaranty to Cardinal Health.

62. By executing the 2007 Ndanga Guaranty and 2012 Ndanga Guaranty, Ndanga unconditionally guaranteed the payment and performance of Banvera's obligations to Cardinal Health.

63. Cardinal Health was induced to supply and did supply pharmaceutical products, including the Products, to Banvera on credit after obtaining the 2007 Ndanga Guaranty and 2012 Ndanga Guaranty.

64. Ndanga has breached the 2007 Ndanga Guaranty and 2012 Ndanga Guaranty by failing to pay to Cardinal Health the monies owed by Banvera to Cardinal Health after Banvera failed to pay such debts.

65. As a result of Ndanga's breach of the 2007 Ndanga Guaranty and 2012 Ndanga Guaranty, Cardinal Health has suffered damages in the total amount of $118,551.25, plus service charges accruing at the rate of 1.5% per month (or the highest rate allowed by law if lower) through the date of collection, and all attorneys' fees and court costs.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Cardinal Health 110, LLC demands judgment against Defendants Banvera L.L.C., Vera Sangbong aka Vera Sanbong, and Banyo Ndanga, jointly and severally, in the amount of $118,551.25, plus service charges accruing at the rate of 1.5% per month (or the highest rate allowed by law if such rate is less than 1.5% per month) through the date of collection, and all attorneys' fees and collection costs; for an order granting Cardinal Health possession of the Collateral; and, for such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Holly D. Kozlowski*
Holly D. Kozlowski   (VA Bar 024140)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
250 East Fifth Street, Suite 2200
Cincinnati, OH 45202
T:   (513) 369-4215
F:   (513) 421-0991
hkozlowski@porterwright.com

*Attorney for Plaintiff*